## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION
## IN ADMIRALTY

| | | |
|---|---|---|
| JOSE ZAMORA | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. <u>2:23-cv-410-RMG</u> |
| VS. | § | |
| | § | |
| MARINEX CONSTRUCTION, INC. | § | Non-Jury Trial Requested |
| *Defendant.* | § | FRCP 9H |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

Plaintiff complains of Marinex Construction, Inc. for cause of action respectfully shows this Honorable Court the following:

### I.

Plaintiff was a resident of Nueces County, Texas at the time this cause of action arose.

### II.

Defendant Marinex Construction, Inc. is a domestic corporation doing business in the State of South Carolina for the purpose of accumulating monetary profit. It may be served via certified mail through its registered agent for service in this State, F. Hammond Johnson, via registered mail, at 1903 Pittsburgh Avenue, Charleston, South Carolina 29405.

### III.

This Court has subject matter jurisdiction over this action pursuant to its admiralty jurisdiction, and Plaintiff elects to proceed under this Court's admiralty jurisdiction and pursuant to FRCP 9H. Plaintiff brings claims under the Jones Act, 46 USC § 30104.

This Court has personal jurisdiction over the Defendant because it conducts systematic and continuous business activities in and throughout the state of Louisiana and this District.

**IV.**

Venue is properly laid in this District as the Defendant resides in this District.

**V.**

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 688.

**VI.**

At all times material hereto, Plaintiff was aboard a vessel owned and operated by Defendant, and was in the employ of Defendant, acting within the course and scope of his employment as a seaman.

**VII.**

On or about October 27, 2020, Plaintiff was working for Defendant aboard Defendant's vessel Savannah Dredge. Plaintiff injured his hand using a hammer due to improper lighting and being issued an improper tool. It was later revealed the injury to his hand was a fracture. This injury was reported, but no medical attention was provided to Plaintiff. Plaintiff was told to continue working, and did so without the use of his left arm. Such caused him to do all the work with his right arm. Such put an enormous strain on his right arm which resulted in him tearing a tendon in his right arm. Defendant then sent him for medical treatment, and Plaintiff received a surgery to his right arm. After his surgery, Plaintiff continued to have pain in his arm and is in need of further surgery to correct this injury.

Plaintiff brings claims pursuant to the Jones Act, general maritime negligence, and unseaworthiness.

**VIII.**

By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

**IX.**

As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

**X.**

Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

**XI.**

Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

**XII.**

Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

**XIII.**

Plaintiff is physically impaired as a result of injuries sustained. As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is

permanent.

**XIV.**

Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel.  As a result, Defendant has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues.  Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount.   As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

Plaintiff would further show that Defendant's personnel interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured.  Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries from Defendant's contract partner, and attempted to force Plaintiff to work beyond reasonable restrictions.

Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure.  Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against

Defendant in an amount of actual and punitive damages to be determined at the trial of this matter, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

**URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK & KEITH, PA**

By:    s/ Jeff Buncher, Jr.
       Jeff Buncher, Jr.
       Federal ID No. 11113
       jeff@uricchio.com
       P.O. Box 399
       Charleston, SC 29402
       Tel.: (843) 723-7491
       Fax: (843) 577-4179

**THE BUZBEE LAW FIRM**

By:    /s/ Anthony G. Buzbee
       Anthony G. Buzbee
       State Bar No. 24001820
       Christopher J. Leavitt
       State Bar No. 24053318
       JPMorgan Chase Tower
       600 Travis Street, Suite 7300
       Houston, Texas 77002
       Tel: (713) 223-5393
       Fax: (713) 223-5909
       www.txattorneys.com
       tbuzbee@txattorneys.com
       cleavitt@txattorneys.com

       Pending Pro-Hac Vice

       **ATTORNEYS FOR PLAINTIFF**